IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL JOHN PISKANIN, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES ATTORNEY FOR | : | |
| EASTERN DISTRICT OF PENNSYLVANIA | : | NO. 13-7678 |

**M E M O R A N D U M**

STENGEL, J.                                                                 MARCH         , 2014

      Michael John Piskanin, Jr., a prisoner, is attempting to file this action, styled as a Petition for a Writ of Mandamus, against the United States Attorney for the Eastern District of Pennsylvania. He seeks to compel the defendant to file criminal charges against two Federal Judges, to provide copies of agency records, and to show cause why the defendant does not have a duty to support his attempt to remove his State criminal charges to a Federal forum.

      Pursuant to 28 U.S.C. § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001).

      Although, the Third Circuit has not addressed the issue in a precedential opinion, a non-precedential opinion and order suggest that the Court views mandamus petitions brought under 28 U.S.C. § 1361 as civil actions subject to the PLRA. *See In re Banks*, 450 F. App'x 155, 157 n.1 (3d Cir. 2011) (per curiam).

Therefore, this mandamus action is subject to the PLRA, including § 1915(g).

Mr. Piskanin had accumulated at least three "strikes" for purposes of § 1915(g) at the time he filed this action. *See Piskanin v. Hammer,* 269 F. App'x 159 (3d Cir. 2008) (per curiam) (dismissing appeal as frivolous pursuant to § 1915(e)(2)(B)(i)); *Piskanin v. Doe,* Civ. A. No. 09-2553, 2009 WL 1684651 (E.D. Pa. June 15, 2009) (dismissing action as "legally frivolous"); *Piskanin v. Banach,* Civ. A. No. 07-4655, 2008 WL 5246165 (E.D. Pa. Dec. 16, 2008) (dismissing amended complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii)). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed this action. Because nothing in Piskanin's mandamus petition suggests that he was in imminent danger of serious physical injury at the time he filed this action, his motion to proceed *in forma pauperis* is denied.